P. D. DAVIS, sheriff, plaintiff in error, *vs.* AARON L. REID
*et al.*, defendants in error.

1. Where the sheriff is ruled for not levying upon the defendant's property,
   and for returning the *fi. fa. nulla bona*, an answer that he could find no
   property belonging to the defendant upon which to levy, and that there-
   fore he made the return, is sufficient in substance.
2. If the answer be defective in not responding to specific allegations in the
   rule, touching possession of certain property by the defendant in *fi. fa.*,
   the objection is matter for special, not general, demurrer.

Sheriff.  Levy and sale.  Pleadings.  Before Judge WRIGHT.
Baker Superior Court.    May Term, 1876.

Three judgments were obtained in Baker superior court
against one Samuel P. Davis, by Reid and others.    Execu-
tions issued thereon, and were placed in the hands of P. D.
Davis, sheriff, to be levied.  He returned them with entries
of *nulla bona*, stating that the only property found in posses-

Davis *vs.* Reid *et al.*

sion of defendant in *fi. fa.* was trust property, and not subject to levy for his debts.

At the next term of the superior court, by agreement of parties, the three cases were embraced in one rule against the sheriff, calling on him to show cause why a rule absolute should not issue, and on failure to comply therewith, why he should not be attached. In the rule *nisi* it was alleged that defendant in *fi. fa.* was possessed, in his own right, of a plantation worth $5,000 00, and personal property consisting of mules, wagons, etc., all within the county of Baker.

Defendant answered that he could find no property belonging to the defendant in *fi. fa.* on which to levy, and that no property had ever been pointed out by plaintiffs or their attorneys.

Plaintiffs demurred to the answer. The demurrer was sustained, and defendant excepted.

VASON & DAVIS; STORZER & SMITH; A. L. HAWES, for plaintiff in error.

WARREN & HOBBS, for defendants.

BLECKLEY, Judge.

1. The sheriff is not commanded by the law or by the writ, to levy on all property in the defendant's possession. The command is to levy on the goods and chattels, lands and tenements of the defendant. Possession is evidence, *prima facie,* of ownership: *Cowart vs. Dunbar,* 56 *Georgia Reports,* 417; but the sheriff may, at his peril, take notice of the true title; and when he answers to a rule that he could find no property of the defendant on which to levy, he has made a good answer, in substance, and one that protects him unless it is traversed. That there was property of a certain value in the defendant's possession while the writ was in the hands of the sheriff, is enough to change the *onus;* and, that much appearing, it will devolve upon him to vindicate his answer, either by showing exclusive title in some person other than the de-

fendant, or that the property in question, though belonging to defendant, was exempt from levy and sale.

2. We gather from the argument of counsel that the sheriff's answer was deemed insufficient, and was stricken, because it did not respond to what was alleged in the rule *nisi* touching the possession of certain property by the defendant. As the answer was good, in substance, to the *gravamen* of the rule, the objection that it did not make discovery as to the alleged possession should, if available at all, have been taken by special demurrer, instead of by general demurrer as was done. If a defect of this sort had been pointed out specifically it might have been amended.

How can the plaintiffs in the execution admit what is stated in the sheriff's answer, and still entitle themselves to a rule absolute? If the answer is true, the sheriff could find no property *belonging* to the defendant. If it is not true, let it be traversed, and let the sheriff have an opportunity of supporting it by proof if he can: 34 *Georgia Reports*, 346.

Judgment affirmed.